**TUIAGAMOA T. TAVAI, plaintiff,**

v.

**TU'UGAOLO LOGOTAEAO, Defendants.**

High Court of American Samoa
Land and Titles Division

LT No. 20-00

September 7, 2001

Before RICHMOND, Associate Justice, and LOGOAI, Chief Associate
Judge.

Counsel: For Plaintiff, Afoa L. Su`esu`e Lutu
　　　　 For Defendant, Mark Ude

OPINION AND ORDER

Trial of this action began on August 23, 2001, and ended the same day in
remarkable and dramatic fashion, with defendant Tu`ugaolo Logotaeao
("Tu`ugaolo") reaffirming her fidelity and pledging *tautua* ("traditional
service") to plaintiff Tuiagamoa T. Tavai ("Tuiagamoa") as the *sa`o*
("senior chief") heading the Tuiagamoa family of the Village of
Malaeola, American Samoa. We memorialize this result, and in the
process will summarize the essence of the situation, to encourage lasting
effect for the benefit of both parties and counsel.

Tuiagamoa brought this action to evict Tu'ugaola, a member of the
Tuiagamoa family, from a portion of the family's communal land named
"Toeleve" in Malaeloa ("the land at issue"), based on alleged lack of

compliance with her obligations to the *sa'o* under the traditional Samoan customs pertaining to the Tuiagamoa family.

■ Tu'ugaolo initially defended in large measure on a claim that the land at issue is her individually owned land. This Court, however, in a case involving the same parties and issue regarding land ownership, has previously adjudicated the land at issue to be communal land of the Tuiagamoa family. *Logotaeao v. Tuiagamoa*, LT No. 14-84, slip op. at 3-4 (Land & Titles Div. Nov. 20, 1984).

Moreover, she did not pursue this claim at trial. Accordingly, we need not address this issue further than to recognize the *res judicata* effect of *Logotaeao* and to reinforce the holding that the land at issue is the Tuiagamoa family's communal land.

■ Tu'ugaolo has lived on the land at issue for most of her life. Her possession is, however, tantamount to a traditional assignment of a family's communal land by the family's *sa'o*. *See Coffin v. Mageo*, 4 A.S.R. 14, 17 (Land & Titles Div. 1970). Because of that assignment, and as member of the Tuiagamoa family, she is obligated to render *tautua* ("traditional service") to Tuiagamoa in order to protect and preserve her right to occupy and use the land at issue. *Id.; see also Seventh Day Adventist Church of Am. Samoa v. Maneafaiga*, 23 A.S.R.2d 150, 154-55 (Land & Titles Div. 1993); *Toleafoa v. Tiapula*, 7 A.S.R.2d 117, 120 (Land & Titles Div. 1988).

During the 1970s, Tu'ugaolo and her husband Aofetalaiga Logotaeao ("Aofetalaiga"), now deceased, were strong supporters of Tuiagamoa's candidacy to fill the then vacant Tuiagamoa title. In the ensuing *matai* title action, this court awarded the title to the present titleholder. *In re Matai Title "Tuiagamoa"*, LT No. 1394-74, slip op. at 5 (Land & Titles Div. Dec. 26, 1974). Tuiagamoa and Tu'ugaolo differ in the role and significance of this support, both during the pendency of the title action and the investiture ceremony in its aftermath. The differences are not now, however, an important factual issue.

After Tuiagamoa assumed the title, Tu'ugaolo and Aofetalaiga provided unfailing *tautua* to Tuiagamoa as the family *sa'o* until 1983. Then, in reference to construction of a building, Tu'ugaolo, claiming to own the land at issue as her individually owned land, and Aofetalaiga, as the owner of the building entered an agreement to separate the building from the land at issue, pursuant to A.S.C.A. §§ 37.1501-.1506, and Tuiagamoa objected. These actions precipitated *Logotaeao,* LT No. 14-84, and the ultimate declaration of the Tuiagamoa family's communal ownership of the land at issue. After *Logotaeao* was decided, there was, in Tuiagamoa's estimation, a precipitous decline in the rendering of

acceptable *tautua* by Tu`ugaolo and Aofetalaiga to Tuiagamoa.

Tuiagamoa attributes this backsliding principally to the outcome of the *Logotaeao* case. He describes the lessening of *tautua* especially in terms of Tu'ugaolo's failures on several occasions to obtain his permission as the family's *sa`o* for significant construction or remodeling of improvements on the land at issue, and to regularly provide foodstuffs and similar measures of traditional support and respect. He indicates that after Tu`ugaolo left in 1987 to reside outside of American Samoa, except for occasional brief return visits, she essentially ceased to contribute *tautua* and continually offended the dignity of his office as the head of the Tuiagamoa family.

Tu`ugaolo explains her actions, first saying that she understood from the staff of the Building Branch of the American Samoa Government's Department of Public Works that the *sa`o*'s approval signature was not required for the kinds of construction work she had done on the land at issue. She further states that until Aofetalaiga joined her outside American Samoa for health reasons in 1994, he continued to regularly provide *tautua* to Tuiagamoa, such as providing traditional foodstuffs to him on Sundays, and that since then, she has done her best to provide appropriate *tautua* to him, within her limited financial resources, when she was notified of family affairs requiring the support of family members.

Nonetheless, after expressing her viewpoint on the situation, Tu`ugaolo apologized to Tuiagamoa and reaffirmed her loyalty to him. She promised to obtain Tuiagamoa's permission before she undertook any new construction or remodeling activity on the land at issue and appropriately provide *tautua* to him. Though Tuiagamoa then took issue with certain aspects of Tu'ugaolo's explanations, he accepted her apology and agreed to permit her continued occupancy and use of the land at issue so long as she kept her promises. Tu'ugaolo stood steadfast by her apology and promises. On this note, we concluded the trial.

### Order

Tu`ugaolo shall obtain Tuiagamoa's consent before she begins new construction or remodeling of improvements on the land at issue. She shall also render *tautua* to Tuiagamoa to the best of her ability in a manner satisfactory under the traditions of the Tuiagamoa family. Tu`ugaolo shall remain in possession of and have use the land at issue so long as she complies with her promises and fulfills her obligations to the Tuiagamoa title.

It is so ordered.